**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| APRIL DOE, Suing by and on behalf of her minor daughter, Faith Doe, <br><br>      Plaintiff, <br><br><br>    v. <br><br><br> WINCHESTER BOARD OF EDUCATION, <br>    Defendant. | No. 10-cv-1179 (VAB) |

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

Plaintiff, April Doe, brought this action on July 28, 2010 under 20 U.S.C. § 1681 *et seq.*

("Title IX"), alleging that Defendant, the Winchester Board of Education, failed to protect her

kindergarten-aged minor daughter from an alleged sexual assault by a fellow kindergarten

student. ECF No. 1. The Court (Thompson, J.) denied Defendant's motion for summary

judgment on March 21, 2013.[1] ECF No. 49. In the nearly four years since the Court denied

summary judgment, this case has been scheduled for trial no less than five times, and each time

the scheduled trial date has been postponed at Plaintiff's request, often on the very eve of trial.

On October 28, 2016, this Court (Bolden, J.) issued an Order to Show Cause as to why

this case should not be dismissed for failure to prosecute. ECF No. 123. The Order explained

that Plaintiff's failure to comply with the Order to Show Cause could, by itself, result in the

dismissal of the case for failure to prosecute. ECF No. 123. The Order to Show Cause required

---

[1] Of course, under Rule 56 of the Federal Rules of Civil Procedure, the denial of a motion for summary judgment is not a comment on the merits of Plaintiff's case, but rather a determination that there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *see, e.g.*, *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966) ("[T]he denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing – that the case should go to trial."); *Pinnacle Nursing Home v. Axelrod*, 928 F.2d 1306, 1316 (2d Cir. 1991) (same).

Plaintiff to file a memorandum in response by November 18, 2016.  It also required Plaintiff to personally appear at the Order to Show Cause hearing scheduled for December 2, 2016.  Plaintiff failed to file the required memorandum by November 18, 2016 and also failed to appear in person at the Order to Show Cause hearing, appearing only by telephone instead.

Based on the protracted history of this case and the Court's numerous interactions with Plaintiff, including an on the record colloquy and an *in camera* discussion with her and her current counsel, the Court has no reason to believe that Plaintiff will ever be able to proceed to trial.  Plaintiff has proven incapable of maintaining counsel and complying with Court orders essential to this case proceeding to trial, such as by failing to appear for Court-ordered proceedings, both in person and over the telephone.  Indeed, every effort by this Court to bring this case to trial has ended in futility.

The Court can no longer play Charlie Brown to Ms. Doe's Lucy, scheduling a trial and requiring Defendant to prepare for one, based on Ms. Doe's assurances that a trial will occur, only for Ms. Doe, at the last minute, to delay the trial yet again.  *See* Eric Schulmiller, *All Your Life, Charlie Brown. All Your Life: The Complete History of Lucy's Pulling the Football Away*, SLATE (Oct. 8, 2014, 9:33 AM), http://www.slate.com/articles/arts/culturebox/2014/10/the_ history_of_lucy_s_pulling_the_football_away_from_charlie_brown_in_peanuts.html.

For the reasons summarized above and spelled out in greater detail below, the Court dismisses this case for a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## I.   FACTUAL BACKGROUND

As the Court explained in its Order to Show Cause dated October 28, 2016, this case has now been trial-ready for several years.  Order to Show Cause at 2, ECF No. 123.  Every time a

trial has been scheduled – five times in all – it has been continued at Plaintiff's request.  *Id.*  Significantly, Ms. Doe requested continuances of scheduled trial dates three times in the three months preceding the Court's Order to Show Cause.  *Id.*  In each of these three instances, Ms. Doe sought a continuance on the very eve of trial.  *Id.*  Ms. Doe also already had one set of counsel withdraw from representing her, ECF No. 64, and her current counsel, who she obtained only after delaying the scheduling of a new trial for several months, now seeks to withdraw as well, ECF No. 127.  The history of this case, outlined in the Order to Show Cause, is repeated with additional detail below.

Ms. Doe brought this action against Defendant, the Winchester Board of Education, on July 28, 2010.  ECF No. 1.  Defendant moved for summary judgment on March 13, 2012.  ECF No. 38.  On March 21, 2013, the Court (Thompson, J.) denied Defendant's motion for summary judgment.  ECF No. 49.  The Court then ordered, on October 1, 2013, that the parties file a joint trial memorandum by November 1, 2013.  ECF No. 50.  Ms. Doe moved for an extension of time until November 8, 2013 to file the joint trial memorandum, ECF No. 51, and the parties then filed the joint trial memorandum on November 6, 2013,  ECF No. 52, before the Court granted the motion for extension of time on November 7, 2013.  ECF No. 53.

### A.       First Trial Date

On November 5, 2014, the Court scheduled the bench trial in this case to begin on January 20, 2015.  ECF No. 54.  Ms. Doe moved, on December 12, 2014, for the scheduled trial to be continued until April 20, 2015.  ECF No. 55.  On January 26, 2015, the case was transferred to this Court (Bolden, J.) for all further proceedings.  ECF No. 58.  This Court granted Ms. Doe's pending request to postpone the bench trial in this case, requesting that the parties propose a new trial date by April 20, 2015.  ECF No. 59.

3

### B.      Second Trial Date

On April 14, 2015, this Court issued an order scheduling trial in this case for September 21, 2015.  ECF No. 60; *see* ECF No. 62 (clarifying on July 7th that the trial would be a bench trial and not a jury trial).  On August 28, 2015, Plaintiff's counsel filed a motion to withdraw because the attorney-client relationship had broken down.[2]  ECF No. 64.  This Court therefore continued the trial and referred the case to Magistrate Judge William I. Garfinkel for a mandatory settlement conference.  ECF No. 68.  Judge Garfinkel held a settlement conference on October 5, 2015, and the case did not settle.  ECF No. 71.

On October 5, 2015, Ms. Doe filed an appearance, *pro se*, ECF No. 73, and a response to Plaintiff's counsel's motion to withdraw, ECF No. 72.   On October 27, 2015, this Court held a motion hearing and status conference to discuss Plaintiff's counsel's motion to withdraw.  ECF No. 76.  The Court then issued an order scheduling a telephonic motion hearing and requiring Plaintiff's counsel to inform Ms. Doe of all details regarding the hearing to ensure her appearance on the call.  ECF No. 77. On October 30, 2015, the Court held the telephonic motion hearing, granted Plaintiff's counsel's motion to withdraw, granted Ms. Doe sixty (60) days to obtain new counsel, and scheduled a telephonic status conference with Plaintiff in thirty (30) days, for November 30, 2015, if new Plaintiff's counsel did not file an appearance by that date. ECF No. 78.  Plaintiff failed to appear for the telephonic status conference on November 30, 2015.  ECF No. 79.

Plaintiff appeared for the rescheduled telephonic status conference on December 14, 2015, during which the Court set a follow-up telephonic status conference on January 5, 2016 and ordered that Plaintiff retain counsel by that time "or be prepared to discuss how she would

---

[2] Previous Plaintiff's counsel alleged in the motion to withdraw that Ms. Doe was not acting in the best interest of her minor child, Faith Doe.  *See* Motion to Withdraw at 1-2, ECF No. 64.

propose to proceed with this litigation in the alternative." ECF No. 80.  The Court rescheduled the January 5, 2016 telephonic status conference for January 21, 2016.  ECF No. 81.

Plaintiff appeared for the January 21, 2016 telephonic status conference, during which the Court scheduled an additional follow-up telephonic status conference for February 22, 2016. ECF No. 82; ECF No. 83.  New Plaintiff's counsel then filed an appearance on February 21, 2016.  ECF No. 84.

### C.    Third Trial Date

Following the appearance of new Plaintiff's counsel, this Court scheduled its first 2016 date for the bench trial in this matter, August 22, 2016, with a pre-trial conference scheduled on August 19, 2016 and a joint pre-trial memorandum due July 22, 2016.  ECF No. 89.  The parties filed the pre-trial memorandum on July 27, 2016.  ECF No. 92.  At the August 19, 2016 pre-trial conference, three days before the third trial date, Plaintiff's counsel indicated that Plaintiff was willing to proceed with an additional settlement conference before Magistrate Judge William I. Garfinkel.  In light of this, the Court postponed the bench trial until September 12, 2016.  ECF No. 101.

### D.    Fourth Trial Date

In advance of the September 12, 2016 trial date, the Court also ordered that the parties submit exhibits for trial by September 8, 2016.  ECF No. 101.  Following the settlement conference, which did not result in settlement, Plaintiff failed to submit her exhibits for trial by September 8, 2016, and, as of this date, still has failed to submit her exhibits.

In advance of the September 12, 2016 trial date, on or around September 8, 2016, Plaintiff's counsel indicated that she had a scheduling conflict on September 14, 2016, and the Court ordered that the parties should still be prepared to commence the bench trial on September

12, 2016.  ECF No. 104.  Plaintiff then filed a motion to continue the trial on September 9, 2016.

ECF No. 105.

### E.     Fifth Trial Date

Following an additional telephonic status conference with the parties on September 9,

2016, ECF No. 107, this Court rescheduled the bench trial in this case for October 31, 2016, the

third trial date in three months and the fifth trial date in this case overall, with a pretrial

conference scheduled to occur on October 27, 2016.  ECF No. 108.

On October 2, 2016, the Plaintiff filed a motion to amend the witness list by adding a

new witness for trial.  ECF No. 109.  In light of the impending trial date, the Court ordered that

Defendant file its objection to this motion on October 7, 2016, ECF No. 110, which Defendant

timely did.  ECF No. 111.  The Court then ordered that Plaintiff file a reply to Defendant's

objection by October 14, 2016.  ECF No. 112.   Plaintiff did not file her reply until October 15,

2016.  ECF No. 115.  On October 18, 2016, the Court held a telephonic status conference to

discuss Plaintiff's motion to add a new witness for trial, denying the motion without prejudice to

renewal if the Plaintiff provided Defendant with additional documents regarding the proposed

new witness's testimony by October 21, 2016.  ECF No. 116.  On October 24, 2016, Plaintiff

filed a renewed motion to amend the witness list and add the new witness.  ECF No. 118.

Defendant filed its opposition to the motion on October 26, 2016.  ECF No. 119.

On October 27, 2016, the day of the pretrial conference, Plaintiff filed an additional

motion to continue the trial, just forty-five minutes before the scheduled time for the pre-trial

conference.  ECF No. 120.  Plaintiff's counsel failed to appear for the pre-trial conference, ECF

No. 122, and also moved for leave to withdraw from representing Plaintiff, citing Plaintiff's "on-

going and insufficient cooperation regarding preparing for the trial of this matter."  ECF No. 121.

F.      **Order to Show Cause and Hearing**

On October 28, 2016, this Court issued an Order to Show Cause as to why this case

should not be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil

Procedure.  ECF No. 123.  The Court scheduled the Order to Show Cause hearing for December

2, 2016 at 2:00 P.M.  Order to Show Cause at 1.  Plaintiff's counsel was ordered to provide a

copy of the Order to Show Cause to Plaintiff on or before November 4, 2016.  *Id.* at 6.

The Court ordered that the Plaintiff file, by November 18, 2016, a memorandum of law

(1) explaining the grounds for her most recent motion to continue, (2) attaching documentation

that clearly establishes why the requested continuance was necessary, and (3) explaining whether

there is reason for the Court to believe that the matter could be tried within a reasonable amount

of time.  Order to Show Cause at 2.  The Court indicated that a failure by Plaintiff to submit such

a memorandum by November 18, 2016 could result in the dismissal of the case for failure to

prosecute.  *Id.*

The Court also ordered that Plaintiff appear in person at the December 2, 2016 Order to

Show Cause hearing.  Order to Show Cause at 2.  The Court indicated that a failure by Plaintiff

to appear in person at the December 2, 2016 hearing could result in the dismissal of the case for

failure to prosecute.  *Id.*

The Order to Show Cause explained that Plaintiff had been responsible for delaying the

case five times since the Court (Thompson, J.) denied Defendant's motion for summary

judgment on March 21, 2013.  Order to Show Cause at 2.  The Order described the history of the

delayed trial dates in detail and indicated that such delays and Plaintiff's difficulties with

maintaining counsel had frustrated the efficient and timely administration of this case, resulting

in unnecessary delay and expense for the Court, Defendant, and Defendant's counsel.  *Id.* at 2-5.

On October 28, 2016, the Court also issued an order denying without prejudice Plaintiff's counsel's pending motion to withdraw. ECF No. 125. The Court ordered that Plaintiff's counsel remain in the case until the December 2, 2016 Order to Show Cause hearing. ECF No. 125.

On December 2, 2016, the Court held the Order to Show Cause hearing. ECF No. 128; ECF No. 129. On the morning of the hearing, Plaintiff called the Court and stated that she would not be appearing in person. Court staff provided her with a telephone number in order for her to appear by telephone, and informed her that she must appear by phone at 2:00 P.M., when the hearing was scheduled to begin. Plaintiff appeared by phone for the Order to Show Cause hearing.

During the Order to Show Cause hearing, both parties explained their position regarding whether the case should be dismissed for failure to prosecute. Plaintiff explained why, in her view, the case should not be dismissed for failure to prosecute. Plaintiff argued, among other things, that Defendant, being a school board, did not suffer as much prejudice as Plaintiff or her minor daughter with respect to this matter and the many continued trial dates.

In response to Plaintiff's position, Defendant reiterated the long history of this case and that Plaintiff had been responsible for every delay to the trial date throughout the history of this case. Defendant noted that each time trial was scheduled, witnesses had to coordinate their schedules, some witnesses needed to book travel, and so on, such that Defendant incurred expenses. Defendant also argued that, because of the age of this case, given that it was first filed in 2010, that Defendant might no longer be able to gather certain witnesses, who had moved to other states, for any possible future trial dates.

Defendant also noted Plaintiff's continued failure to file her exhibits for trial, which were originally due on September 8, 2016, in advance of the fourth trial date scheduled in this case.

8

Defendant also pointed to the untimeliness of Plaintiff's October 2, 2016 motion to amend the witness list, filed before the fifth trial date scheduled in this case.   Furthermore, Defendant also referred to Plaintiff's counsel's failure to appear for the October 27, 2016 pretrial conference and Plaintiff's motion to continue, which was filed that very day, less than an hour before the pretrial conference.  As with the other trial dates, these delays caused problems for Defendant's counsel and for witnesses who were preparing to travel to appear at the trial scheduled for October 31, 2016.  Defendant also noted Plaintiff's failure to comply with the Order to Show Cause by submitting a memorandum by November 18, 2016.

At the Order to Show Cause hearing, Plaintiff's counsel renewed her motion to withdraw. ECF No. 127.  The Court held a portion of the Order to Show Cause hearing to discuss the renewed motion to withdraw *in camera*, with only Plaintiff's counsel and Plaintiff appearing. During this portion of the hearing, Plaintiff's counsel and Plaintiff discussed the circumstances surrounding Plaintiff's motion to withdraw in greater detail.  From this *in camera* discussion, the Court learned that this attorney-client relationship likely could not be salvaged.  Plaintiff's counsel nevertheless indicated that she would be amenable to assisting Ms. Doe until she found new counsel for trial, but that she would not be able to represent Ms. Doe at trial.

At the Order to Show Cause hearing, the Court took under advisement Plaintiff's counsel's renewed motion to withdraw.  The Court indicated that it would also take under advisement whether the case should be dismissed for failure to prosecute, setting a tentative January 6, 2017, 11:00 A.M. date for a telephonic status conference, by which Ms. Doe should have identified new Counsel who would be prepared to try the case by a date certain, likely by March of 2017.  The Defendant indicated, however, that it would no longer be able to commit to

a future trial date because of all of the arrangements that would need to be made with witnesses who may need to make travel arrangements or care arrangements for their dependents.

On December 5, 2016, the Court issued a scheduling order for an additional telephonic status conference to be held on December 7, 2016, to discuss the issues raised by the Order to Show Cause hearing.  ECF No. 130.  Plaintiff was ordered to appear by telephone.

On December 7, 2016, the Court held a telephonic status conference to further discuss some of the issues raised during the Order to Show Cause hearing.  ECF No. 132.  Plaintiff, Plaintiff's counsel, and Defendant's counsel all appeared.  The Court indicated that it was likely to dismiss the case for failure to prosecute and that the parties should file any additional responses to the issues raised in the Order to Show Cause hearing by January 6, 2017.  Both parties filed submissions responding to the Order to Show Cause on January 6, 2017.  ECF No. 133; ECF No. 134.

### G.    Parties' Responses to Order to Show Cause

Ms. Doe's submission in response to the Order to Show Cause set out the reasons for only her most recent request for continuance, dated October 27, 2016.[3]  ECF No. 134.  Ms. Doe stated that, on October 20, 2016, her son suffered injuries while playing football, which required an emergency room visit and his later hospitalization on October 24, 2016, with neurological symptoms.  Pl.'s Mem. at 1, ECF No. 134.  Ms. Doe stated that, in the period between October 20, 2016 and the January 6, 2017 submission date, her son had visited the hospital four times. *Id.*  While Ms. Doe's son was released from the hospital on November 7, 2016, he was

---

[3] The Court notes that this submission did not explain why Ms. Doe continued the prior four trial dates, why she filed a October 7, 2016 motion to add a new witness for trial only in advance of the fifth scheduled trial date when the pre-trial memorandum had been submitted on July 27, 2016, ECF No. 92, or why Plaintiff's counsel did not appear for the October 27, 2016 pre-trial conference when the Court had not yet granted the motion to continue filed only forty-five minutes prior to the conference.

incapacitated and unable to perform basic tasks of self-care, which required Ms. Doe's complete attention to care for him as well as care for her other children. *Id.* Ms. Doe therefore requested the continuance, which was filed on October 27, 2016. *Id.* at 1-2.

Ms. Doe's submission further explained that, on October 27, 2016, when she filed the motion to continue, she did not yet know the severity of her son's condition, nor that he would not be released from the hospital until November 7, 2016. Pl.'s Mem. at 2. Thus, Ms. Doe's motion to continue did not specify a date when Ms. Doe would be prepared to move forward with trial, instead requesting a continuance until sometime in January 2017. *Id.*

Ms. Doe's submission states that their "original estimation of the time needed has proven accurate" because Ms. Doe is now ready to search for new counsel and prepare for trial. *Id.* Her submission goes on, however, to request an additional thirty (30) day period to identify new counsel because, with her son's medical condition, she has "been hampered in her ability to search for substitute counsel." *Id.* at 3. Ms. Doe also requests that the Court consider less harsh remedies than dismissal for failure to prosecute. *Id.* at 3-4.

Defendant's submission explained the lengthy history of this case and requested that the Court now dismiss this case for failure to prosecute. In addition to the history of this case as described in the Court's Order to Show Cause, the Defendant's submission also emphasized the untimeliness of Ms. Doe's motion to add a new witness, which Ms. Doe had never previously disclosed to Defendant, on October 2, 2016, ECF No. 109, within a month of the trial date then scheduled for October 31, 2016. *See* Def.'s Mem. at 7, ECF No. 133. Defendant also noted that because Plaintiff filed the last motion to continue shortly before the scheduled pretrial conference, "given the travel time of the defense attorney" it was "not provided in sufficient time for the defense to have received it in advance of the scheduled hearing nor was any notification

provided by phone of said filing." *Id.*  Furthermore, as Defendant's submission states, Plaintiff's counsel then failed to appear for the pretrial conference without making any request to be excused from appearing, nor providing any notice to the Court of her intention not to appear.  *Id.*

Defendant's submission also explained how Defendant and Defendant's witnesses were prejudiced and inconvenienced by Ms. Doe's repeated last-minute requests for continuance, *see* Def.'s Mem. at 8-10, including "one witness, who lives part of the year in a southern state, [who] had to return to that home and was no longer available for trial testimony based on this additional continuance." *Id.* at 9.  Defendant therefore requests that this case now be dismissed for failure to prosecute.  *Id.* at 10-11.

## III.    DISCUSSION

Because of Plaintiff's repeated and last-minute requests to continue the trial in this matter and her continuing challenges with maintaining counsel, the Court now considers whether to dismiss this case for failure to prosecute.  For the reasons that follow, the Court finds that dismissal of this case for failure to prosecute is appropriate.

Under Rule 41 of the Federal Rules of Civil Procedure, the Court has the discretion to dismiss a case for failure to prosecute.  *See* Fed R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.").  Dismissal for failure to prosecute "is a harsh remedy that should be utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted).

The Second Circuit recognizes two different standards for deciding whether a case should be dismissed for failure to prosecute. The first involves the Court's analysis of five factors identified in *U.S. ex. rel. Drake v. Norden Systems, Inc.* 375 F.3d 248 (2d Cir. 2014), which generally applies in cases involving "instances of litigation misconduct such as the failure to comply with a scheduling order or timely to respond to pending motions." *See Lewis*, 564 F.3d at 576. The second is a "related, yet analytically distinct" standard based solely on a plaintiff's refusal "to go forward with a properly scheduled trial." *Id.* at 580 (citing *Zagano*, 900 F.2d at 14). The Court considers both standards, as well as a standard recognized by the U.S. Supreme Court in *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962), and finds that this case is an "extreme situation[ ]" warranting dismissal for failure to prosecute under any standard. *Lewis*, 564 F.3d at 576.

As a preliminary matter, the Court appreciates that Ms. Doe sought her most recent continuance because her son sustained injuries that required hospitalization. *See* Pl.'s Mem. at 1-2. The Court notes, however, that her response to the Order to Show Cause did not explain her reasons for seeking the other four continuances in this case, each of which predated her son's recent injuries. Throughout the history of this case, and long before these injuries occurred, Ms. Doe showed no sense of urgency in bringing this case to trial.

Furthermore, it has now been nearly three months since current Plaintiff's counsel filed her first motion to withdraw, ECF No. 121, and Ms. Doe's response to the Order to Show Cause contains no indication that she has made any effort to identify new counsel despite her knowledge of her counsel's intent to withdraw and inability to represent her at trial. ECF No. 134. Given that the Court indicated during the Order to Show Cause hearing, ECF No. 128, and subsequent telephonic status conference, ECF No. 132, that it was seriously considering

dismissal for failure to prosecute due to Ms. Doe's having caused repeated delays to the trial, this lack of urgency is troubling.  The Court cannot wait indefinitely and hold this case over for trial until Plaintiff decides it is convenient for her.

A.      *Drake* **Factors**

Under *Drake*, the Court should consider the following factors when deciding whether a case should be dismissed for failure to prosecute: whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Lewis*, 564 F.3d at 576 (affirming dismissal of case for failure to prosecute where case was pending for "more than a decade" and plaintiff, the sole witness for his own case, decided not to testify on first day of trial) (citing *Drake*, 375 F.3d at 254).  "[N]o one factor is dispositive," and the Court should consider "the dismissal in light of the record as a whole." *Drake*, 375 F.3d at 254 (internal quotation marks omitted).

1.      **Delay of Significant Duration**

The first *Drake* factor analyzes whether "the plaintiff's failure to prosecute caused a delay of significant duration." *Lewis*, 564 F.3d at 576.  This factor considers "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255.  The Second Circuit has recognized that delays of as little as six months are "significant" for the purposes of this analysis, and that a "17-month delay" is certainly significant. *Id.*; *see also Headley v. Fisher*, 559 F. App'x 83, 84 (2d Cir. 2014) (finding that when plaintiff's "failure to prosecute resulted in a nearly year-and-a-half delay from the

14

originally scheduled trial date," this weighed in favor of dismissal) (summary order); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (affirming dismissal of case where plaintiff and plaintiff's counsel failed to take any action to move case to trial for a "six-month period").

As the Defendant pointed out at the Order to Show Cause hearing, Ms. Doe has been the only party that has caused delays in this case since the Court's denial of Defendants' motion for summary judgment in 2013.  Ms. Doe has caused these delays in various ways, including through motions for extension of time, motions for continuance, her inability to maintain her relationship with counsel, and also with her eleventh-hour motion to add a new witness before the last October 31, 2016 trial date.  Thus, it is clear that the only instances of "failure to prosecute" in this case can all be attributed to plaintiff.  *Drake*, 375 F.3d at 255.

Ms. Doe's actions have resulted in a delay of at least two years, representing the period beginning with the first trial date scheduled for January 20, 2015, ECF No. 54, and ending with the date of this order.  The Court finds this to be a delay of "significant duration" that warrants dismissal.  *Drake*, 375 F.3d at 255.

## 2.  Notice that Further Delay Would Result in Dismissal

The second *Drake* factor analyzes whether "plaintiff was given notice that further delay would result in dismissal."  *Lewis*, 564 F.3d at 576.  In *Lewis*, where an inmate plaintiff refused to testify on the day of trial based on concerns regarding his physical safety, notifying the Court of his concerns only after a jury was selected, the Second Circuit found that this factor favored dismissal because "the record demonstrates that [plaintiff] and his counsel were given both clear notice that [plaintiff's] continued refusal to testify could result in dismissal and multiple

opportunities to confer to determine whether to change course to avoid that result" through various in-court colloquies occurring that day. *Lewis*, 564 F.3d at 582.

The Second Circuit has also found it proper to dismiss a case where the Clerk of the Court issued a notice indicating that the case might be dismissed for failure to prosecute if the parties failed to submit a "satisfactory explanation of why" the case should not be dismissed after plaintiff missed a court-ordered deadline to file an amended complaint. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam). In *Drake*, however, the Second Circuit found that this factor did not weigh in favor of dismissal in a situation where the "only actual notice [plaintiff] received was the court clerk's warning that the case would be dismissed unless [he] submitted a satisfactory explanation for his [previous] delay within 20 days." *Drake*, 375 F.3d at 255. The *Drake* Court therefore found that the dismissal was "a result of the past delay," rather than the result of "further delay," and that "the only thing plaintiff could have done differently to save his case after receiving the notice would have been to provide a better explanation for the past delay." *Id.*

The Court's Order to Show Cause, dated October 28, 2016, clearly provided Ms. Doe with notice that her case would be dismissed for failure to prosecute if she failed to comply with the orders contained therein. First, the Court ordered that Ms. Doe file a memorandum, by November 18, 2016, discussing the issues raised in the Order to Show Cause. Order to Show Cause at 2. Second, the Court ordered that Ms. Doe appear in person at the Order to Show Cause hearing scheduled for December 2, 2016. *Id.* The Order to Show Cause made clear that Ms. Doe's failure to comply with either component of the order could "result in the dismissal of this action." *Id.* Ms. Doe failed to comply with either order. This alone should be sufficient notice

that Ms. Doe's failure to comply with these orders, standing alone, could lead to the dismissal of this case for failure to prosecute.  *See Lewis*, 564 F.3d at 582; *Ruzsa*, 520 F.3d at 177.

Beyond the delays caused by Ms. Doe's failure to file her response to the Order to Show Cause by November 18, 2016 and her failure to appear in person at the Order to Show cause hearing, the Court also notes that Plaintiff's counsel has indicated that she will not be representing Ms. Doe at trial and that Ms. Doe will need to identify new counsel before trial may proceed.  Ms. Doe's response to the Order to Show Cause also requests an additional 30 day period to identify new counsel.  Pl.'s Mem. at 3.  When Ms. Doe's previous counsel withdrew, on October 30, 2015, ECF No. 78, Ms. Doe did not identify new counsel until February 21, 2016.  ECF No. 84.[4]  The time that Ms. Doe would need to identify new counsel would cause further delay to this case, which justifies the Court's dismissal of this action for failure to prosecute following the notice given to Ms. Doe through the Order to Show Cause and based on the discussion at the Order to Show Cause hearing.

### 3.  Defendant Likely to be Prejudiced by Further Delay

The third *Drake* factor analyzes whether the "defendant was likely to be prejudiced by further delay."  *Lewis*, 564 F.3d at 576.  "[W]here opposing parties are found to have been meaningfully prejudiced by a plaintiff's delay, this factor speaks strongly in favor of dismissal, and may well override the hardship to plaintiff."  *Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir. 1996).  The Second Circuit recognizes that, beyond any delay to defendants in challenging the merits of a plaintiff's case, the costs borne by a defendant that "had expended resources to

---

[4] While the two sets of Plaintiffs' counsel in this case withdrew for separate and distinct reasons, both motions to withdraw were related to a deterioration in Ms. Doe's relationship with counsel.  As further discussed below with regards to the efficacy of lesser sanctions, Ms. Doe's demonstrated inability to maintain a working relationship with counsel suggests that Ms. Doe is unlikely to be able to find new counsel and, even if she found new counsel, would not be able to bring this case to trial.

17

arrange for the presence of" witnesses for the trial are also relevant to this factor and weigh in favor of dismissal.  *Lewis*, 564 F.3d at 582.  Because the underlying events to this case allegedly occurred in 2007, Defendant is necessarily prejudiced by the age of this case.  *Gaeta v. Inc. Vill. of Garden City*, 644 F. App'x 47, 48 (2d Cir. 2016) ("As the underlying events took place in 2002, defendants surely were prejudiced by the extensive delay.") (summary order).

Defendant's presentation at the Order to Show Cause hearing explained in great detail why Defendant was prejudiced by the many delays that Ms. Doe has caused to the trial in this case.  Defendant outlined the various difficulties and costs that arose each time it had to prepare for yet another scheduled trial date, difficulties that only grew with time, as some witnesses left their jobs in Defendant's school district or moved to other parts of the country.  Defendant further explains these difficulties and cost in its January 6, 2017 submission in response to the Order to Show Cause, that Defendant's representatives and witnesses "have had to arrange multiple times to take off work, rearrange their schedules, incur costs including lost time, travel, and in the case of one, arrangements for personal health care for a family member," and one witness is now "self-employed" and "as a result of making herself available for trial each time," needed "to cancel her clients, resulting in a loss of income."  Def.'s Mem. at 8-9.

It is clear that Defendant has been prejudiced by the "undue inconvenience, cost and burden" of preparing for each scheduled trial date "over and above the sheer cost of litigation." Def.'s Mem. at 9.  Furthermore, due to the multiple delayed trial dates, Defendant reports that one witness, who now lives part of the year in another state, has returned to the other state and will no longer be available to testify at all following the most recent continuance, which prejudices Defendant.  *Id.*  The Court finds that this factor clearly weighs in favor of dismissal.

### 4. Need to Alleviate Court Calendar Congestion Balanced Against Plaintiff's Right to an Opportunity for a Day in Court

The fourth *Drake* factor analyzes whether "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court." *Lewis*, 564 F.3d at 576.  In light of the five trial dates that were previously scheduled in this matter, three of them in the three months immediately preceding the Order to Show Cause, the Court has been solicitous of the Plaintiff's right to have an opportunity for a day in Court. The Court explicitly considered Plaintiff's right to a day in court against the need to alleviate the Court's calendar congestion in the Order to Show Cause, noting that for each trial date scheduled in this case, the Court "set aside several days of its calendar to hear this case," necessarily preventing the Court from "hearing and addressing other cases," a problem that was compounded when Ms. Doe regularly sought continuances "within mere days of the scheduled trial date."  Order to Show Cause at 5.

As other courts have noted, beyond the "thousands of dollars" the other party expends to prepare for trial and arrange for witnesses such that "[i]f the trial does not proceed, the money and effort will have been wasted," the "judge is likely to have gone to considerable trouble to clear out time from criminal cases, motion hearings, work in chambers, and other matters, for the civil trial." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).  The Court finds that this factor weighs in favor of dismissal for failure to prosecute.

### 5. Efficacy of Lesser Sanctions

The fifth and final *Drake* factor analyzes whether "the trial court adequately assessed the efficacy of lesser sanctions." *Lewis*, 564 F.3d at 576.  The age of this case is a factor weighing against the possible efficacy of lesser sanctions.  *Gaeta*, 644 F. App'x at 48 (affirming dismissal for failure to prosecute where "district court determined that no sanction other than dismissal

19

would be appropriate because of the significant prejudice to the Defendants in permitting a twelve-year old case to proceed" (internal quotation marks omitted)) (summary order).  The Second Circuit has also found that a party's failure to comply with prior court orders suggest that it is "unclear that a lesser sanction" than dismissal for failure to prosecute "would have proved effective."  *Ruzsa*, 520 F.3d at 178.

The long history of this case and the considerable prejudice suffered by Defendant because of the age of this case and the many times that it has needed to prepare for trial suggest that "lesser sanctions" would not be effective.  *See Gaeta*, 644 F. App'x at 48.  This Court considered lesser sanctions during the December 2, 2016 Order to Show Cause Hearing, during which the Court indicated that it may be willing to let Plaintiff identify new counsel and follow up with a status conference on January 6, 2017.  The Court subsequently decided that dismissal for failure to prosecute would likely be appropriate, indicated this to the parties in the December 7, 2016 telephonic status conference and ordered that the parties instead file responses to the Order to Show Cause by January 6, 2017, which the Court would consider.  ECF No. 132.

Ms. Doe also has a long history of failing to comply with the Court's orders in this case, including through her failure to appear for a telephonic status conference on November 30, 2015 to discuss her progress with obtaining new counsel, ECF No. 79, her failure to submit exhibits for trial by September 8, 2016 in advance of the fourth trial date in this matter, ECF No. 101, her failure to appear for the October 26, 2016 pretrial conference, ECF No. 122, her failure to file the required memorandum responding to the Order to Show Cause by November 18, 2016, and her failure to appear in person at the Order to Show Cause hearing on December 2, 2016.   The long history of Ms. Doe's failure to comply with court orders, at least one of which occurred while she was *pro se* and cannot attribute blame to counsel, are, standing alone, sufficient evidence for

the Court to find that lesser sanctions than dismissal for failure to prosecute would not be effective.  *See Ruzsa*, 520 F.3d at 178.

   While Ms. Doe might argue that some of these failures should be attributed to counsel, the Second Circuit recognizes that "a client is ordinarily bound by the acts of h[er] lawyer, and this-of course-extends to behavior that would justify a dismissal for failure to prosecute." *Dodson*, 86 F.3d at 40.  In light of Ms. Doe's failure to maintain her working relationship with counsel, as evidenced by the motions to withdraw filed by her previous two sets of counsel, the Court finds that there is no reason to believe that Ms. Doe will ever be able to bring this case to trial, or work with counsel to do so.  Plaintiff's January 6, 2017 submission in response to the Order to Show Cause, filed through current Plaintiff's counsel, suggests that the Court "should not draw any inference that Plaintiff is at fault as regards her desire to prosecute the case" and the withdrawal of counsel.  Pl.'s Mem. at 3, ECF No. 134.  Nevertheless, current Plaintiff's counsel's first motion to withdraw was based on Plaintiff's "on-going and insufficient cooperation regarding preparing for the trial of this matter."  ECF No. 121.

   Furthermore, Ms. Doe previously took four months to identify new counsel, which adds to the prejudice to Defendants that would result from continuing in the defense of this case and preparing for yet another trial date, and further establishes that lesser sanctions than dismissal are inappropriate.  While Plaintiff's submission requests an additional thirty-day period to identify new counsel, Pl.'s Order to Show Cause Reply at 3, given that she previously delayed the trial in this matter for at least four months to identify new counsel and irretrievably damaged relationships with her prior two counsel, the Court has no reason to believe that Ms. Doe will ever identify new counsel successfully.  Indeed, based on the Court's discussions with the Plaintiff, both on the record and during an *in camera* proceeding, the Court does not believe new

counsel, even if found, would have any greater likelihood of bringing this matter to trial than the previous two counsel.  Thus, the Court finds that this factor also weighs in favor of dismissing this case for failure to prosecute.

### B.  Refusal to Go Forward with Scheduled Trial

The Second Circuit has also recognized a "related, yet analytically distinct" grounds for dismissal under Rule 41(b), separate from the *Drake* factors, under which "[i]t is beyond dispute . . . that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."  *Lewis*, 564 F.3d at 579-80 (internal quotation marks omitted); *see also Zagano*, 900 F.2d at 14 ("It is beyond dispute that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.").

"One naturally expects the plaintiff to be present and ready to put on her case when the day of trial arrives . . . trial dates – particularly civil trial dates – are an increasingly precious commodity in our nation's courts."  *Lewis*, 564 F.3d at 580 (gathering cases from other circuits holding that dismissal under Rule 41(b) is appropriate where plaintiff refuses to go forward with scheduled trial).  When the Court "is confronted with a plaintiff's unwillingness to proceed on the date scheduled for trial, as opposed to the more typical failure to comply with her discovery obligations on time, or to meet some other pre-trial deadline, it is not unreasonable to consider treating such unwillingness more severely," with regards to whether the case should be dismissed for failure to prosecute.  *Id.* (internal quotation marks omitted).

Dismissal of a case for failure to prosecute based on a plaintiff's refusal to proceed with trial is particularly appropriate where "a party's expressed unwillingness to proceed to trial follows the denial of a request for a continuance."  *Lewis*, 564 F.3d at 580-81 (finding that

inmate plaintiff's refusal to testify on the day of trial "without an adjournment and transfer" that was "grounded in a professed concern for his personal safety if [he was] housed during trial" in a particular facility warranted dismissal under Rule 41(b)); *see also Zagano*, 900 F.2d at 15 (approving of dismissal of case with prejudice where plaintiff attempted to move for voluntary dismissal without prejudice on March 6 where trial was scheduled for March 15 and then refused to proceed with trial after district court denied her motion for voluntary dismissal without prejudice); *Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir. 1976) (affirming dismissal of case where plaintiff and plaintiff's counsel failed to appear for trial based on defendant's alleged failure to comply with discovery requests); *Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 876 (7th Cir. 2001) (affirming trial court's dismissal of case for failure to prosecute under Rule 41(b) after trial court denied multiple motions for continuance of trial and plaintiff's counsel said she could not go forward with trial because of plaintiff's absence due to hospitalization and treatment for substance abuse problems where plaintiff was crucial witness).

Other courts have allowed such dismissals where a plaintiff moved for a continuance within a few days of a scheduled trial date and refused to go forward with trial despite the trial court's denial of the continuance, filing renewed motions for a continuance. *Moffitt*, 236 F.3d at 869-70 (explaining plaintiff's multiple motions for continuance based on various grounds including plaintiff's failure to be in contact with her attorney to prepare for trial, plaintiff's hospitalization, plaintiff's voluntary entry into a substance abuse treatment program, plaintiff's daughter's illness, etc.).

While this Court has granted Plaintiff's repeated motions for continuance, this case is still analogous to those cases in which courts have found it appropriate to dismiss for failure to prosecute due to a plaintiff's refusal to go forward with trial. There have been a total of five trial

dates scheduled in this case in the period between November 5, 2014 and October 31, 2016, and each of them has been continued at Plaintiff's request or due to her failure to maintain her working relationship with counsel.  The Court granted the final motion for continuance, ECF No. 120, filed forty-five minutes before the start of the pre-trial conference, for which Plaintiff's counsel failed to appear, out of respect for the prejudice that would be caused to Defendant and Defendant's witnesses if Defendant were forced to appear for trial when it was clear that Plaintiff would not proceed.

The Court has attempted to respect Plaintiff's right to have an opportunity to have her day in court.  As the Second Circuit has noted, however, civil trial dates "are an increasingly precious commodity," and Plaintiff has now been responsible for the waste of five such scheduled trial dates.  *Lewis*, 564 F.3d at 580.  For each of the trial dates scheduled in this matter, the Court set aside several days of its calendar to hear this case, which necessarily prevents the Court from hearing and addressing other cases, especially when continuances are, as with the previous three trial dates, requested within mere days of the scheduled trial.

The Court therefore finds that, under this reasoning, Plaintiff's refusal to proceed with five scheduled trial dates, three of them in the span of a three month period preceding the Court's Order to Show Cause, may be sufficient, standing on its own, to justify the dismissal of this case under Rule 41(b).  *See Lewis*, 564 F.3d at 579-80; *Zagano*, 900 F.2d at 14.  Nonetheless, as discussed above, the Court also proceeded with the five step analysis under *Drake*, further explaining why dismissal of this case for failure to prosecute is both appropriate and necessary. *See Lewis*, 564 F.3d at 582 (analyzing *Drake* factors despite finding that plaintiff's refusal to go forward with scheduled trial justified dismissal).  Finally, as explained below, the dismissal of this case may also be justified under *Link v. Wabash R. Co.*, 370 U.S. 626 (1962).

24

C.      **The Supreme Court's *Link v. Wabash R. Co.* Standard.**

The Court also notes that the Supreme Court has affirmed the dismissal of a case for failure to prosecute following the "failure of petitioner's counsel to appear at a duly scheduled pre-trial conference" in a case where "it could reasonably be inferred from [counsel's] absence, as well as from the drawn-out history of the litigation that petitioner had been deliberately proceeding in dilatory fashion." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962).

The same factors are present in this case, as Plaintiff's counsel failed to appear for October 27, 2016 pre-trial conference, having filed a motion to continue and motion to withdraw less than an hour before the scheduled time. ECF No. 122. This case has been pending since 2010, with Ms. Doe being responsible for various delays, particularly after the Court began attempting to schedule this case for trial, which represents a "drawn-out history" that offers ample evidence that Ms. Doe has been "deliberately proceeding in dilatory fashion" because of Ms. Doe's multiple last-minute requests for continuances, as further described above. *Link*, 370 U.S. at 633. While the Court does not dismiss this case solely on this ground, it further establishes that dismissal for failure to prosecute is appropriate.

IV.     **CONCLUSION**

For all of the foregoing reasons, this case is dismissed for failure to prosecute.

The Clerk of the Court is directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED at Bridgeport, Connecticut, this 18th day of January, 2017.

                                     /s/ Victor A. Bolden
                                     Victor A. Bolden
                                     United States District Judge