UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| APRIL DOE, Suing by and on behalf of her minor daughter, Faith Doe,<br>    Plaintiff,<br><br>v.<br><br>WINCHESTER BOARD OF EDUCATION,<br>    Defendant. | No. 10-cv-1179 (VAB) |

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiff, April Doe, brought this action on July 28, 2010 under 20 U.S.C. § 1681 *et seq.* ("Title IX"), alleging that Defendant, the Winchester Board of Education ("Winchester"), failed to protect her kindergarten-aged minor daughter from an alleged sexual assault by a fellow kindergarten student.[1]  ECF No. 1.  On January 18, 2017, the Court entered an order dismissing the case for Ms. Doe's failure to prosecute, ECF No. 135, and on January 31, 2017, the Court entered judgment in favor of Defendant.  Pending before the Court is Ms. Doe's motion for reconsideration of the order dismissing the case for failure to prosecute.  ECF No. 138.

For the reasons that follow, the Court **DENIES** the Plaintiff's motion for reconsideration.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

A full history of this case is outlined in the Court's order dismissing the case for failure to prosecute.  ECF No. 135.  On October 28, 2016, the Court entered an Order to Show Cause as to why this case should not be dismissed for failure to prosecute.  ECF No. 123.  The entry of this Order followed Ms. Doe's motion to continue the trial, ECF No. 120, and Ms. Doe's counsel's

---

[1] While Ms. Doe's motion for reconsideration suggests otherwise, this case does not involve any federal constitutional claims, much less broader issues of racial and gender discrimination.  Plaintiff's Title IX claim was the sole claim before the Court.  *See* Complaint ¶ 9, ECF No. 1.

1

motion to withdraw, ECF No. 121, both of which were filed roughly forty-five minutes before the pretrial conference scheduled for 2:00 PM on October 27, 2016, ECF No. 117, to prepare for a trial scheduled for October 31, 2016, ECF No. 108. Ms. Doe's counsel then failed to appear for the pretrial conference. ECF No. 122. The October 31, 2016 trial date was both the fifth trial date scheduled for this case throughout its history, *see* Order Dismissing Case at 3-6, ECF No. 135, as well as the third trial date scheduled in this case in the three months immediately preceding the entry of the Order to Show Cause, each of which was continued at Ms. Doe's request within a few days of trial. *See* ECF No. 89; ECF No. 101; ECF No. 104; ECF No. 105; ECF No. 108; ECF No. 117; ECF No. 120.

In light of factors including: the protracted history of this case; the number of last-minute continuances Ms. Doe has sought throughout the history of this case; Ms. Doe's repeated failure to comply with Court orders, including a failure to file a response to the Order to Show Cause prior to the December 2, 2016 Order to Show Cause hearing and a failure to appear in person at the Order to Show Cause hearing; the considerable prejudice to Winchester due to the age of this case and the need to prepare for five different trial dates that did not go forward; and Ms. Doe's demonstrated inability to maintain a relationship with counsel for long enough that counsel could bring the case to trial, the Court dismissed the case for Ms. Doe's failure to prosecute on January 18, 2017. *See* Order Dismissing Case at 12-25 (outlining the grounds the Court considered in dismissing the case). The Court entered judgment in favor of Winchester on January 31, 2017. ECF No. 136. Ms. Doe appeared *pro se* on February 14, 2017 and filed a motion for reconsideration. ECF No. 137; ECF No. 138.

## II. DISCUSSION

Ms. Doe's pending motion is a "motion to alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e). Such motions must be filed "no later than 28 days after the entry of the judgment," Fed R. Civ. P. 59(e), in order to be timely. Because the Court entered judgment on January 31, 2017 and Ms. Doe filed her motion on February 14, 2017 her motion is timely.

The Court may only grant a motion seeking reconsideration of a judgment when the "moving party can point to controlling decisions or data that the court overlooked" and "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995); *see also Pierce v. Lee*, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010) (applying *Shrader* to Rule 59(e) motion). "A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." *Pierce*, 2010 WL 4683911 at *1.

Ms. Doe files her current motion *pro se*. Even with the special solicitude that the Court affords to Ms. Doe because of her *pro se* status, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel), Ms. Doe's motion fails to include either new controlling law or new information that the Court overlooked. *Shrader*, 70 F.3d at 256-57. Ms. Doe's motion merely reiterates largely the same points that she raised when she appeared at the Order to Show Cause hearing by phone, ECF No. 128; ECF No. 129, and in

her January 6, 2017 response to the Order to Show Cause. ECF No. 134. Because the motion fails to present new law or new information that the Court overlooked and that can "reasonably be expected to alter the conclusion reached by the Court, *Shrader*, 70 F.3d at 256-57, the Court denies Ms. Doe's motion.[2]

Most significantly, Ms. Doe' motion, which reaches nearly twenty pages in length, is noticeably silent on the Court's deepest concern: Ms. Doe's failure to identify new counsel capable of trying this case in the foreseeable future. *See* Order Dismissing Case at 13-14 ("Furthermore, it has now been nearly three months since current Plaintiff's counsel filed her first motion to withdraw, and Ms. Doe's response to the Order to Show Cause contains no indication that she has made any effort to identify new counsel despite her knowledge of her counsel's intent to withdraw and inability to represent her at trial. Given that the Court indicated during the Order to Show Cause hearing, and subsequent telephonic status conference, that it was seriously considering dismissal for failure to prosecute due to Ms. Doe's having caused repeated delays to the trial, this lack of urgency is troubling. The Court cannot wait indefinitely and hold this case over for trial until Plaintiff decides it is convenient for her." (internal citations omitted)). While Ms. Doe's motion claims "currently" to have two attorneys willing to assist her, Pl.'s Mot. At 10, ECF No. 138, it has now been nearly four months since Plaintiff's second counsel first moved to withdraw, and no new Plaintiff's counsel has filed an appearance in this

---

[2] At various points throughout her motion for reconsideration, Ms. Doe discusses the unsuccessful efforts between the parties to settle this case. *See* Pl.'s Mot. at 11, ECF No. 138. These allegations do not appear to be probative of anything pertinent to either this motion or Ms. Doe's underlying claim and, even if they were, the introduction of any such discussions might be prohibited under Rule 408 of the Federal Rules of Evidence. *See* Fed. R. Evid. 408 (providing that evidence of an offer of "valuable consideration in compromising or attempting to compromise the claim" and "conduct or a statement made during compromise negotiations bout the claim" are generally inadmissible); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of offers of compromise and settlement.").

case. ECF No. 121. Ms. Doe has, instead, filed an appearance *pro se* and her current motion was also prepared *pro se*. ECF No. 138.

Of course, even if new counsel had appeared to file Ms. Doe's motion for reconsideration, that would only solve half of Ms. Doe's most troubling problem. Throughout the history of this case, Ms. Doe has not been able to maintain an attorney-client relationship long enough for this case to go to trial. The motion for reconsideration provides no new information suggesting that this situation has been remedied and that Ms. Doe could cooperate with new counsel going forward, even if she were able to identify new counsel.

Finally, while Ms. Doe appears to allege that then Plaintiff's counsel failed to (1) provide Ms. Doe with a copy of the Order to Show Cause, (2) notify her of the Order to Show Cause hearing, or (3) notify Ms. Doe of the Court's order that she appear in person at the Order to Show Cause hearing, Pl.'s Mot. at 4, these statements differ from her former counsel's representations at the Order to Show Cause hearing. ECF No. 128; ECF No. 129.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment, ECF No. 135, is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 17th day of February, 2017.

                                                      /s/ Victor A. Bolden
                                                      Victor A. Bolden
                                                      United States District Judge